Supreme Court, Schenectady Special Term, February, 1905. Unreported.

In the Matter of the Petition of WALTER WELLMAN, WILL A. ALEXANDER, ANGELICA G. VAN WORMER, and CATHARINE FLANNIGAN, for an Order Revoking and Cancelling Liquor Tax Certificate No. 35,396, Issued to ERNEST BLASE.

H. T. KELLOGG, J.: Other requirements of the Liquor Tax Law being complied with, a statement filed under section 17, setting forth compliance with the provisions of that section compels the

issuance of a certificate by the county treasurer. Since the act of the county treasurer in issuing is merely ministerial, and must be performed whenever a statement on its face correct in form and substance, however false in fact, is filed, the representations therein made speak, and their truth or falsity is to be judged, as of the moment of filing, for that is the moment when a case is made and a right accrues, and that is the moment as of when a case is destroyed and the right is lost. If a statement is filed on May 1st, the facts therein stated must be true on May 1st. That is the day when the statement is given life and importance, and becomes a representation through being communicated. A statement executed and dated April 1st, although true then, is a false statement if false on May 1st, the day when filed. If a statement is false on April 1st, when executed, but true on May 1st, when filed, since it speaks as of May 1st only, its prior falsity would be unimportant were it not for the fact that the statement to be sufficient must be supported by an oath. If sworn to, therefore, on April 1st, when false, it is either an unverified statement, because there is no oath to its truth on May 1st when filed, that being the date from which it speaks, or if sufficient in that respect, it is nevertheless deficient in that its only testimonial support is an oath, false when made. The subsequently acquired veracity of the body of the statement, before filing, cannot purge the oath of its falsity. Falsely sworn to on April 1st, it is still falsely sworn to on May 1st, although the facts therein stated have since become true. These two principles therefore seem to me sound: First: The statement must be true as to facts existing on the day of filing. Second: It must be supported by an oath which was true when made. A false statement, or a true statement supported by a false oath, calls for revocation.

The statement in this case was filed on July 1st. Granted that it correctly stated the houses within two hundred feet occupied exclusively as dwellings, to be on that day nine in number, consents of six of which were then filed, yet the statement was executed and sworn to on June 10th, at which date the number of houses was concededly eight, consents for only five of which, or less than two-thirds, had been obtained. The ninth house was occupied as a dwelling for the first time on July 1st at the very earliest. Only by the consent of this ninth house would the certificate holder have acquired the necessary six. The statement may have been true when filed.

The only proof before the treasurer that it was true was an oath made on June 10th, which was concededly false.

The statement proper was without veracious testimonial support. Treating the oath as part of the statement, it was a false statement, and revocation should follow.

Moreover, it appears to me that the weight of the credible testimony establishes that the ninth building, 916½ State Street, was first occupied on July 2d. Several witnesses give positive evidence to that effect. The testimony of witnesses to the contrary, that it was first occupied July 1st, is vague, uncertain and unreliable, being largely interested evidence. Thus the statement was false on July 1st, the day when it was filed.

It is apparent that 916½ State Street is not occupied in good faith as a dwelling. It was originally a horse barn. Even on July 1st, and for three weeks thereafter, all cooking had to be done by the occupant upon a stove set up in the yard. It was a building owned by the owner of 916 State Street, for which the lessee Blase holds a certificate. The evidence conclusively establishes that the motive for procuring an occupant for the barn in question, and fixing over the barn into a quasi-dwelling house was to evade the statute, and obtain rent for 916 State Street, by procuring for a prospective tenant the right to sell liquor. This half house, half barn, with beds in the garret, horse stalls on the first floor, and an open-air kitchen, was not in my opinion on July 1st, 1904, occupied exclusively as a dwelling-house within the meaning of the statute.

For all these reasons the certificate of Ernest Blase is revoked, with costs.